IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

RECEIVED
2006 AUG 11 P 12: 11
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Clifford Alston,<br><br>Plaintiff(s),<br><br>v.<br><br>Christopher Askew and Ruby White d/b/a Air Ride Trucking,<br><br>Defendant(s). | Civil Action No.<br>CV-_____<br><br>3:06 cv 722- |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441 et seq., Ruby White d/b/a Air Ride Trucking, incorrectly named in the plaintiff's complaint as Air Ridge Trucking, hereby gives notice of the removal of this action from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division, and as grounds for said removal states as follows:

1. Plaintiff filed this action on July 7, 2006 in the Circuit Court of Russell County, Alabama. The case was assigned civil action number CV-06-234 and styled as:

    *Clifford Alston, Plaintiff, vs. Christopher Askew, John Does, the person who was operating the vehicle and who collided with the Plaintiff, Clifford Alston on or about the 12th day of July, 2004. Air Ridge, ABC, The person, persons, corporation, partnership, LLC, or other legal entity who negligently entrusted Christopher Askew, John Doe, with a motor vehicle on or about July 12th, 2004. Air Ridge, XYZ, the person, persons, corporation, partnership, LLC, or other legal entity whom Christopher Askew, John Doe was acting as an agent and/or*

*Alston v. Askew*
Notice of Removal

*within the line and scope of his employment on or about July 12th, 2004,*

*Defendants.*

2. Ruby White d/b/a Air Ride Trucking was served with the summons and complaint via certified mail on July 13, 2006, and this notice of removal is timely filed.

3. As required by 28 U.S.C. §1446(a) attached hereto as Exhibit A is a copy of all process, pleadings and orders served upon the defendant.

4. According to the circuit court docket sheet in this case, defendant, Christopher Askew, has not been served to this date.

5. A true and correct copy of this notice of removal will be filed with the clerk of the court of Russell County and will be served on all parties.

## COMPLETE DIVERSITY

6. The complaint alleges that the plaintiff was injured on July 12, 2004 while operating a motor vehicle in Phoenix City, Russell County, Alabama. Upon information and belief, the Plaintiff is a resident of Smiths, Lee County, Alabama. Defendant Christopher Askew is a resident of Lumpkin, Georgia, and Defendant Ruby White d/b/a Air Ride Trucking is a resident of Richland, Georgia.

7. At the time of the accident made the basis of the plaintiff's complaint, Air Ride Trucking was a sole proprietorship operated by Ruby White and had its principal place of business in Richland, Georgia.

8. Pursuant to 28 U.S.C. §1441(a) the citizenship of fictitious defendants is disregarded for purposes of removal.

*Alston v. Askew*
Notice of Removal

9. Section 28 U.S.C. §1441 allows the removal of an action to Federal Court when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

10. Removal of this action is proper under Section 28 U.S.C. §1441(a) because the court has original jurisdiction of this action pursuant to 28 U.S.C. §1332.

11. The amount in controversy in this case is met. The plaintiff has failed to specify an amount of damages claimed in its lawsuit and therefore, Ruby White d/b/a Air Ride Trucking must prove by preponderance of the evidence that the amount in controversy exceeds $75,000 jurisdictional requirement. See *Pinsinger v. State Farm Fire and Casualty Company*, 374 F. Sup.2d 1101, n.4 (N.D. Ala. 2003).

12. In his complaint, the plaintiff alleges that he was made sick and sore in various parts of his body and suffered pain and injury to his back, hip, knee and leg. The plaintiff alleges that he has suffered severe mental anguish and emotional distress, and that he was caused to incur expenses for medicine and physician's fees. The plaintiff also alleges that his capacity to enjoy life and participate in many social and physical activities in which he has previously been engaged has been reduced. The plaintiff alleges that as a result of the defendants' conduct, he was caused to lose income and will be caused to lose future income.

13. In addition to seeking compensatory damages for the injuries he allegedly received, the plaintiff also alleges wantonness, which will allow plaintiff to seek exemplary or punitive damages in order to punish the defendants for their alleged conduct.

14. The plaintiff has not expressly described his alleged injuries. However, based on reported jury verdicts involving similar facts and injuries, when the plaintiff's claim

is presented to a jury, it is more likely than not that he will seek compensatory damages in excess of $75,000. For example in *Gibson v. Harden Shipping, Inc.*, (CV-05-50, June 30, 2005), a Russell County court entered a judgment in the amount of $275,000.00 following an auto accident in which the defendant's truck collided with the plaintiff's vehicle. In *Smith v. Jimmy Day Plumbind Health*, (March 2006), a motorcyclist plaintiff suffered a leg fracture, knee dislocation, and soft tissue injuries to his wrist when his motorcycle was struck by a truck owned by the defendant. A Montgomery County jury awarded the plaintiff $1,500,000.00. In *Jackson v. Long*, (04-1001, Nov. 16, 2005), the defendants' car ran a red light and struck the plaintiff's vehicle. The plaintiff suffered injuries to her head, neck, back, shoulders, and ankles due to the crash. A Mobile County jury awarded the plaintiff $150,000.00. See also, *Coppins v. Morris*, (04-6665, Oct. 21, 2005) (Jefferson County jury awarded $89,000.00 for plaintiff injured in car wreck).

15. Similarly, in determining the amount in controversy, the court should also consider the fact that the plaintiff will likely seek to recover punitive damages. Prospective punitive damages must be considered when calculating the amount in controversy unless it is apparent to legal certainty that they cannot be recovered; *Holly Equipment Company v. Credit Alliance Corporation*; 821 F.2d 1531, 1535 (11th Cir 1987). While courts have been more likely to reduce awards of punitive damages, it is not uncommon for punitive damage awards of three times the compensatory awards to be upheld. In such a case as this, a compensatory award for as little as $20,000 when coupled with the punitive damage award of three times that, it would exceed the jurisdictional minimum of this court. As discussed, the plaintiff has

*Alston v. Askew*
Notice of Removal

sought to recover punitive damages in this case alleging that the defendant's conduct causing the accident was wanton in nature. Similarly, review of the Alabama Jury Verdict Reporter, Third Edition, January 2005, reveals that the median punitive damage award in Alabama during 2002, 2003 and 2004 exceeded the jurisdictional minimums of this court. Specifically, in 2004, the average punitive damage verdict awarded was $70,639,000.14 and the median for 2004 was $78,583,000. Similarly, in 2003, the average punitive damage award was $1,127,788,000 and the 2003 median punitive damage award was $126,000. Finally, the average punitive damage award in 2002 was $2,843,162,000 while the 2003 median punitive damage award was $103,836. (See The Alabama Jury Verdict Quarter, Year End Review 2004, Third Edition, January 2005 at page 90).

16. As has been demonstrated by the Alabama Jury Verdict Reporter, awards of punitive damages in this state typically of themselves alone exceed the jurisdictional minimums of this court and accordingly, the amount in controversy in this case has been met.

17. However, if the plaintiff contends that the amount in controversy is less than $75,000.01 and will stipulate to neither seek nor accept more than $75,000 at the trial of the matter in Russell County, then defendant will consent to remand. If plaintiff will not so stipulate, defendant can provide evidence of awards in comparable factual circumstances after plaintiff describes the damages alleged.

16. 28 U.S.C. §1446(b) provides only that a notice of removal contained a "short and plane statement of the grounds for removal." That statue does not provide for an evidentiary submission with a notice of removal. 28 U.S.C. §1446(c)(5) does

provide for evidentiary hearings by subsequent court order. If the plaintiff contests that $75,000 is in controversy or if this court believes the issue requires a further evidentiary hearing, defendant requests that limited discovery be permitted on that issue.

## CONCLUSION

For the reasons stated herein, this court has original jurisdictional over this action pursuant to 28 U.S.C. §1332(a).

Respectfully submitted,

By: /s/
K. Donald Simms
Bar Number: SIM042

OF COUNSEL:
Austill, Lewis & Simms, P.C.
P.O. Box 11927
Birmingham, AL 35202-1927

*Alston v. Askew*
Notice of Removal

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this 10th  11th day of August, 2006 to:

Mark Carter
PO Box 730
Phenix City, AL 36868
    Attorney For: Clifford Alston

/s/ _____
OF COUNSEL

# EXHIBIT "A"

Please Stamp "FILED" & Return

| | | |
|---|---|---|
| CLIFFORD ALSTON, | ) | IN THE CIRCUIT COURT OF |
| | ) | |
| Plaintiff, | ) | RUSSELL COUNTY, ALABAMA |
| | ) | |
| vs. | ) | CASE NO: CV-06-234 |
| | ) | |
| Christopher Askew, John Doe, the person who was operating the vehicle and who collided with the Plaintiff, Clifford Alston on or about the 12th day of July, 2004. Air Ridge, ABC, The person, persons, corporation, partnership, LLC, or other legal entity who negligently entrusted Christopher Askew, John Doe, with a motor vehicle on or about July 12th, 2004. Air Ridge, XYZ, the person, persons, corporation, partnership, LLC, or other legal entity whom Christopher Askew, John Doe was acting as an agent and/or within the line and scope of his employment on or about July 12th, 2004, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

FILED IN OFFICE
2006 JUL -7 PM 3:25
CIRCUIT COURT
RUSSELL CO., AL

## COMPLAINT

Comes now the Plaintiff and respectfully shows unto this Honorable Court the following:

1. On or about the 12TH day of July, 2004, CLIFFORD ALSTON was operating a motor vehicle in Phenix City, Russell County, Alabama.

2. The Defendant, CHRISTOPHER ASKEW/JOHN DOE, negligently and/or wantonly operated his motor vehicle in such a manner that caused said vehicle to collide with the Plaintiff's vehicle.

3. Prior to said collision, Defendant Air Ridge, ABC, the person, persons, corporation, partnership, LLC or other legal entity did negligently entrust the vehicle being driven by Christopher Askew/John Doe to Christopher Askew/John Doe.

4. Air Ridge, ABC, the person, persons, corporation, partnership, LLC or other legal entity knew or should have known that the said Christopher Askew/John Doe was incompetent to operate said vehicle.

5. Christopher Askew/John Doe was operating said vehicle in the line and scope of his employment and/or as the agent for Air Ridge, XYZ, the person, persons, corporation, partnership, LLC or other legal entity.

6. Plaintiff, Clifford Alston, as a proximate consequence of the Defendants' negligence and/or wantonness, was caused to suffer the following injuries and damages:

(a) He was made sick and sore in various parts of his body and suffered pain and injury to his back, hip, knee and leg.

(b) He has suffered severe mental anguish and emotional distress.

(c) As a proximate result of Defendants' said conduct, said Plaintiff was caused to incur the expenses for medicine, and physician's fees.

(d) His capacity to enjoy life and to participate in many social and physical activities in which he has previously been engaged has been reduced.

(e) As a result of the Defendants' said conduct, said Plaintiff was caused to lose income and will in the future be caused to lose income.

WHEREFORE, Plaintiff demands judgments against Defendants in an amount to be determined plus all costs.

_____
MARK S. CARTER, CAR-050
1608 Broad Street
Phenix City, Alabama 36867
(334) 291-3070

08/02/2006 11:22 3342913072 MSC
Case 3:06-cv-00722-WKW-TFM Document 1-2 Filed 08/11/2006 Page 5 of 6 05/06

The Plaintiff hereby demands a trial by struck jury.

_____
MARK S. CARTER, CAR- 050
1608 Broad Street
Phenix City, Alabama 36867
334-291-3070

Please serve this Defendant by certified mail at the following address:

Mr. Christopher Askew
362 Fuzzy Lane
Cusseta, Georgia 31805

Please serve this Defendant by certified mail at the following address:

Air Ridge
Route 1 Box 604
Richland, Georgia 31825