IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| Clifford Alston,<br><br>    Plaintiff(s),<br><br>v.<br><br>Christopher Askew and Ruby White d/b/a Air Ride Trucking,<br><br>    Defendant(s). | Civil Action No.<br>CV-06-722-DRB |

## ANSWER OF RUBY WHITE D/B/A AIR RIDE TRUCKING

COMES NOW, the Defendant, Ruby White d/b/a Air Ride Trucking, by and through the undersigned counsel of record, and files this Answer and states as follows:

1. Admitted.

2. Denied.

3. Denied.

4. Denied.

5. Admitted.

6. Denied.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant denies that she was guilty of negligence and/or wanton conduct on the occasion complained of and denies any alleged negligence or wanton conduct on his part proximately caused or contributed to cause said accident and/or the injuries complained of in the complaint filed in this action.

*Alston v. Askew*
Civil Action No.: CV-06-722-DRB
Ruby White Answer

## SECOND DEFENSE

Defendant states that the plaintiff was guilty of negligence on the occasion of the accident which proximately caused or proximately contributed to cause the accident and/or injuries and the plaintiff's claims are barred by the doctrine of contributory negligence.

## THIRD DEFENSE

The defendant denies that there was any causal relationship between any of its alleged activities and alleged activities of the plaintiff.

## FOURTH DEFENSE

The defendant pleads the affirmative assumption of risk.

## FIFTH DEFENSE

The defendant states that she and/or Christopher Askew was confronted with a sudden emergency of an occasion of the accident, not of their making, and therefore pleads the defense of sudden emergency.

## SIXTH DEFENSE

The defendant avers that the accident of the plaintiff's alleged injuries were a result of an efficient intervening cause and not proximately caused by any negligence of the defendant, therefore, defendant pleads efficient intervening cause.

## SEVENTH DEFENSE

The defendant denies that the plaintiff was injured to the nature and extent claimed and contests damages.

## EIGHTH DEFENSE

*Alston v. Askew*
Civil Action No.: CV-06-722-DRB
Ruby White Answer

The defendant pleads that (a) the general issue; (b) not guilty; (c) contributory damages; (d) assumption of risk; (e) sudden emergency; (f) efficient intervening cause; (g) contests damages; and (h) lack of causal relationship. Defendant reserves the right to amend or supplement this answer as other information or defenses become known during the course of these proceedings.

### NINTH DEFENSE

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

### TENTH DEFENSE

Plaintiff claims for punitive damages are subject to the limitations contained in Alabama Code §6-11-20 (1975).

### ELEVENTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by the application of Alabama Code §6-11-21 (1999 Repl.).

### TWELFTH DEFENSE

Defendant preserves all defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, including but not limited to: (a) lack of jurisdiction over the subject matter; (b) lack of jurisdiction over the person; (c) improper venue; (d) insufficiency of process; (e) failure to state a claim upon which relief can be granted; (f) insufficiency of service of process; and (g) failure to join a party under Rule 19.

### THIRTEENTH DEFENSE

*Alston v. Askew*
Civil Action No.:  CV-06-722-DRB
Ruby White Answer

Defendant avers that the claims alleged by the plaintiff are barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

The Defendant asserts the defense of unavoidable accident.

## FIFTEENTH DEFENSE

Defendant asserts that it is entitled to a set-off or credit of any and all amounts paid by any party or potential party to this litigation, whether or not named herein, pursuant to <u>Williams v. Colquitt</u>, 272 Ala. 577, 133 So.2d 364 (Ala. 1961), and its progeny.

## CONSTITUTIONAL DEFENSES

The award of punitive damages to plaintiffs violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

a.  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.  The procedure pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

*Alston v. Askew*
Civil Action No.: CV-06-722-DRB
Ruby White Answer

---

      d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

      e.      The procedure pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

      f.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

      g.      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

Plaintiff's attempt to impose punitive or extra contractual damages on the defendant, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

The award of punitive damages to the plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

The award of punitive damages to plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

*Alston v. Askew*
Civil Action No.: CV-06-722-DRB
Ruby White Answer

---

a. It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon the defendant upon the plaintiff to satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against defendant;

c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

e. The award of punitive damages in this case constitutes a deprivation of property without due process of law.

The procedures pursuant to which punitive damages are awarded permit the

> imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

The award of punitive damages to the plaintiff in this action violates the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability

*Alston v. Askew*
Civil Action No.:  CV-06-722-DRB
Ruby White Answer

for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because the Alabama standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

The imposition of punitive damages in this case based upon evidence of the defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

The imposition of punitive damages in this case based on the out-of-state and financial status of the defendant would violate Commerce Clause, the equal protection guarantee, and the Privileges and Immunities Clause of the United States Constitution.

The imposition of punitive damages in this case in the absence of a showing of a malicious intent to cause harm to the plaintiff would violate the Due Process Clause of the Fifth Amendment of the United States Constitution.

The imposition of punitive damages against the defendant in this case pursuant to Alabama law to punish the defendant for conduct that occurred outside of Alabama would violate the Due

*Alston v. Askew*
Civil Action No.:  CV-06-722-DRB
Ruby White Answer

Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

### DEFENDANT DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

By: _____
K. Donald Simms
Bar Number: SIM042

OF COUNSEL:
Austill, Lewis & Simms, P.C.
P.O. Box 11927
Birmingham, AL 35202-1927

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this 17 day of August, 2006 to:

Mark Carter
PO Box 730
Phenix City, AL 36868
  Attorney For: Clifford Alston

_____
OF COUNSEL