IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA, EASTERN DIVISION

| | |
|---|---|
| Clifford Alston,<br><br>         Plaintiff(s),<br><br>v.<br><br>Christopher Askew and Ruby White d/b/a Air Ride Trucking,<br><br>         Defendant(s). | 3:06-cv-722-WKW |

**DEFENDANT, AIR RIDE TRUCKING'S GENERAL OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW, the Defendant, Ruby White dba Air Ride Trucking, by and through her undersigned counsel of record, and files this as its general objections to plaintiff's interrogatories and request for production of documents and states as follows:

*The defendant interposes these objections at this time for purposes of preserving the stated grounds, and defendants are in the process of preparing further answers to follow, subject to these objections. By interposing objections, the defendant does not intend to represent or imply the existence or non-existence of information or documents implicated by the request.* <u>*The defendant's Answers to Interrogatories and Responses to Request for Production of Documents will be provided separately.*</u>

<u>**OBJECTIONS**</u>

These objections apply to each and every request for admission, interrogatory, deposition notice, and/or request for production and are, therefore, not repeated, but, are incorporated by reference in each response below.

1. Defendant objects to the interrogatories to the extent that they, individually or cumulatively, purport to impose on defendants duties and obligations beyond those permitted by the Federal Rules of Civil Procedure.

2. Defendant reserves all objections as to the competency, relevancy, materiality and admissibility of all of its documents or information or the subject matter thereof, all objections as to burden, vagueness, over breath and ambiguity, and all rights to object on any ground to the use of any document or information, or the subject matter thereof, in any subsequent proceeding, including without limitation the trial of this, or any other, action.

3. Defendant objects to the extent that any request on the grounds that same are overly broad, vague, ambiguous, unduly burdensome or fail to specify the information or documents sought with reasonable particularity, and to the extent that they seek information or documents that are not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence or are otherwise outside the scope of discovery permitted by the Federal Rules of Civil Procedure.

4. Defendant objects to the request to the extent that they purport to require defendants to produce documents or provide information outside its possession, custody, or control.

5. Defendant objects to the request to the extent that they require defendants to produce any documents or information that are publicly available on the ground that such documents and information are just as readily available or obtainable by the plaintiffs, and, therefore, defendants should not have to bear the burden of disclosure.

6. Defendant objects to the request to the extent that they are repetitive and/or substantially overlap with other requests or require defendants to provide the same information

or documents more than once, on the ground that such duplicative disclosure is unduly burdensome.

7.  Defendant objects to the request to the extent that they seek documents or information that constitute or disclose confidential, personal or business information. Defendants object to the requests to the extent that they require defendants to violate any applicable contractual obligations and duties to third parties.

8.  Defendant objects to the requests to the extent that they require defendants to produce information or documents that were prepared for or in anticipation of litigation, constitutes attorney work product, are protected by the attorney-client privilege, constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of defendants concerning those or any other litigation, or is protected by any other applicable privilege, statute, rule, or immunity. Such information will not be produced to plaintiffs, and any inadvertent production shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine which may apply.

9.  The specific responses of defendant objections to plaintiff's requests made now or in the future are based upon information now available to defendant and defendant reserves the right at any time to revise, correct, add to, or clarify these objections or responses now made of made hereinafter to plaintiff's requests.

10.  **Any response or objections to any or all of the requests do not mean necessarily that any information or documents exist or are in the possession, custody or control of defendants that are responsive to any specific request**.

11.  In each and every response, or sub-part thereof, where defendants interpose an objection, such objection shall be construed to preserve all of defendants' rights to enter similar objections as to any future supplemental response to such request. Moreover, a failure to object

herein shall not constitute a waiver of any objection that defendants may interpose as to any future supplemental answer or response.

12.   Defendant's objections and responses to the requests are made expressly without in any way waiving or intending to waive, but, rather, to the contrary, preserving and intending to preserve:

  a.   All questions as to the competence, relevance, materiality, privilege, admissibility as evidence, or use for any purpose of the documents or information, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding, or investigation.

  b.   The right to object on any ground to the use of any such document or information, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding, or investigation.

  c.   The right to object at any time to a demand for any further response to this or any other interrogatory, request for admission, deposition notice, or request to produce.

  d.   The right at any time to revise, supplement, correct, amend or clarify these objections and responses.

Respectfully submitted,

/s/ Donald Simms
K. Donald Simms
Bar Number: SIM042

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM
505 20th Street N., Suite 500
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed, on this 13th day of February, 2007 to:

Christopher Glover
2017 2nd Ave. N., Suite 300
Birmingham, AL 35203

_____
OF COUNSEL